*Law Library*

IN THE SUPERIOR COURT OF GUAM

JU___ ___ON C___ ___
OF GUAM

2012 ___ 19 PM 2: 35

|  |  |
|---|---|
| | CRIMINAL CASE NO. CM1067-11 |
| PEOPLE OF GUAM, | **DECISION AND ORDER FOR DISMISSAL** |
| vs. | (Motion to Dismiss *Rasauo II*) |
| TIMMY STEVE ARRIOLA CANAVERAL, | |
| Defendant. | |

The matter came before the HONORABLE ELIZABETH BARRETT-ANDERSON on Defendant's Motions to Dismiss (hereinafter referred to as "Motion"). Defendant is represented Assistant Public Defender Ali Nusbaum. People are represented by Assistant Attorney General James C. Collins. The Court took the matter on the briefs and herein **GRANTS** the Defendant's Motion.

Guam's Supreme Court held[1]: "that unless good cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the complaint." *People v. Rasauo*, 2011 Guam 14 ¶ 16. Defendant argues that pursuant to *People v. Rasauo*, 2011 Guam 14 (hereinafter referred to as *Rasauo II*), this case should be dismissed with prejudice because Defendant was not arraigned within sixty (60) days after the Complaint was filed. *See also* 8 GCA § 60.10. People argue that the Court should find good cause exists for the delay, and therefore, the dismissal would be inappropriate. As required by *Rasauo II*, this Court will review the specific facts in this case to determine whether or not there was good cause for the delay in arraigning Defendant beyond the sixty (60) days after the Complaint was filed. *Rasauo*, 2011 Guam 14 ¶¶ 10, 14.

Defendant was arrested on September 21, 2011. On October 21, 2011, the Complaint was filed, but no summons was issued until December 1, 2011, for an arraignment scheduled for January 4, 2012. Defendant was arraigned on January 4, 2012, which is more than sixty (60)

---

[1] This holding is hereinafter referred to as the "60 day rule."

days after the Complaint was filed.

The People concede that this case must be dismissed pursuant to *Rasauo II*. The People, however, object to the case being dismissed with prejudice. People's Opp'n to Mot. to Dismiss, p.2 (Mar. 9, 2012).

Consistent with this Court's ruling in each and every case which has been dismissed for violation of speedy arraignment under *People v. Rasauo*, 2011 Guam 16, the Court dismisses this matter without prejudice. *See e.g. People v. Tonaw*, CM471-11 (Super. Ct. Guam Mar. 8, 2012).

Defendant's Motion is GRANTED. *Rasauo*, 2011 Guam 14 ¶ 16. The Court finds that Defendant was not promptly arraigned pursuant to 8 GCA § 60.10(a); therefore, the Court is DISMISSING this case without prejudice.

MAR 1 9 2012

**IT IS SO ORDERED** this _____ March, 2012.

_____
**HONORABLE ELIZABETH BARRETT- ANDERSON**
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

MAR 1 9 2012

Glenric J. Mendiola
Deputy Clerk, Superior Court of Guam